# Supreme Court — Second Department.

### June, 1897.

## PEOPLE v. JOHN W. HENDRICKSON.

1. CRIMINAL LAW—GRAND LARCENY.

In order to justify a conviction for the offense of larceny, the taking musta mount to a trespass and accompanied by a felonious intent conceived at the time of taking or after.

2. SAME—CORPUS DELICTI.

It is proper to establish the *corpus* of the crime by showing circumstances from which a legitimate inference of a felonious taking may be inferred. This may be accomplished by showing subsequent possession of the property, or such a relation to its disappearance as raises the presumption that the party charged appropriated it.

3. SAME.

In such case, the proof should exclude the existence of other agencies for the removal of the property than the defendant.

4. SAME.

Where the circumstances relied upon are made to do duty both for the establishment of the fact that a crime has been committed, and also for the establishment of the criminal agency by which it was committed, and both rest upon inference to be derived from such circumstances, the charge must fail.

5. SAME—CHARGE.

A charge, which ignores the element of a felonious intent to appropriate the property to the possessor's own use, is erroneous.

Appeal from a judgment of the county court, convicting defendant of the crime of grand larceny in the second degree, and from an order, denying the defendant's motion for a new trial made upon the minutes.

Rougier Thorne, for the appellant.

William J. Youngs, for the respondent.

HATCH, J.—The evidence in this case we think insufficient to support the judgment of conviction. In order to justify a conviction for the offense of larceny, the taking must amount to a trespass accompanied by a felonious intent conceived at the time of taking

or after.   In the present case there is no direct proof that there was any felonious appropriation of the property by the defendant or by any other person.   The full extent to which the proof goes is that the loser of the pocket book laid it upon the seat in the car occupied by her, and, after riding a considerable distance and arriving at her destination, she found the book gone.   It is not shown that any one took it, nor has it been shown to be in the possession of any other person.   It disappeared.   Beyond that fact that no one is shown to have connection· with it aside from the loser.   If the proof stopped here there would be nothing upon which a criminal charge could be based against any person.   It is proper, however, to establish the *corpus* of the crime by showing circumstances from which a legitimate inference of a felonious taking may be inferred.   This may be accomplished by showing subsequent possession of the property, or such a relation to its disappearance as raises the presumption that the person charged appropriated it.   (People v. McCallam, 103 N. Y. 587.)   This is what the People attempted to do in this case.   In substance, they proved that the defendant·was, for a time, the occupant of a seat in the rear of the one occupied by the lady who lost the book, and was, therefore, in a situation where he might have taken it; that upon the train he claimed to have found a pocket book, which he thereafter refused to deliver up or exhibit.   This, with proof of contradictory statements respecting the contents of the pocket book found by him, and inferences arising from his version of the transaction connected with the book, constituted the proof upon this branch of the case.   But this was insufficient to establish the body of the crime.   It appeared that there were other people in the car where the pocket book was lost, and that some of them had equal facilities for appropriating it that the defendant had.   So that, in this regard, the proof does not exclude the existence of other agencies for the removal of the property than the defendant.  The further proof did not establish possession in the defendant of the pocket book or its contents.   In no view, therefore, was the larceny of the pocket book established.   It is true that the *corpus delicti* may be made up in one of its elements by circumstantial evidence.   But where the circumstances relied upon are made to do duty both for the establishment of the fact that a crime has

been committed, and also for the establishment of the criminal agency by which it was committed, and both rest upon inference to be derived from such circumstances, the charge must fail. If it were otherwise we should now be compelled to infer that the pocket book was in fact stolen, and having drawn this inference to stand as a postulate, to indulge in the presumption that the defendant was the criminal agent. This, the law does not permit. (1 Greenl. on Ev. § 13 and note.)

There was also another error committed which calls for a reversal. In submitting the case to the jury the court charged: " If he (the defendant) found the pocket book away from the owner, as soon as the owner came and described the pocket book and gave a truthful description of it, whether it satisfied him or not—if she gave a truthful description of the pocket book that she had lost, and he refused to give it to her, at that moment his previously rightful possession became larceny. " In this charge the crime of larceny is made to depend upon the truthfulness of the description of the property lost by the loser and the refusal of the possessor to deliver it up. It excludes the necessary concomitant of a felonious intent to appropriate the property to the possessor's use without which the larceny could not be committed. The use of this language by the learned court was doubtless a mere inadvertence, as he subsequently charged that there could be no larceny without a felonious intent. The quoted portion of the charge was excepted to and was in no wise corrected, modified or explained. We think that, as it was delivered in the body of the charge, its certain tendency was to lead the minds of the jury to the conclusion that they were authorized to find the defendant guilty if they found that the loser described her pocket book and the defendant refused to surrender it. The subsequent charge, that there must have been the felonious intent, was disconnected from the context of the charge and amounted to no more than a correct statement of an abstract proposition of law, and did not cure that portion of the charge to which the exception was taken.

The judgment should be reversed and a new trial granted.

All concurred.

Judgment of conviction and order reversed and new trial granted.